TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

-------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: FTCA- COVID CLAIM-PART I
DATE: 04/15/2025 05:26:07 PM

CASE NO.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

FARID FATA,

Plaintiff,

v.

CASE No.  2:25-cv-03341-MGL-MGB

UNITED STATES OF AMERICA,

Defendant.

_____/

PLAINTIFF'S MEDICAL MALPRACTICE MEMORANDUM OF LAW UNDER THE FTCA:

I - JURISDICTION AND VENUE:

1 - Plaintiff, Farid Fata ("Fata"), prose, respectfully submits this Memorandum Brief under the Federal Tort

Claims Act (FTCA) alleging a medical malpractice claim. This Court has jurisdiction under 28 U.S.C. 1346(b),

of the FTCA. The FTCA allows "damages for injury or loss of property or personal injury or death caused by

negligent or wrongful act or omission of any employee ... while acting within the scope of his office or

employment under the circumstances where the United States, if a private person, would be liable to the

claimant in accordance of the place where the act or omission occurred". Brownback v. king,

141 S.Ct. 740 (2021).

2 - Plaintiff has complied with all pre-suit requirements of 28 U.S.C. 1346(b), 2671-2680. On October 15,

2024, Plaintiff filed an SF-95 administrative tort claim with the Federal Bureau Of Prisons (BOP) (Doc. 1)

and attached the Notice of Intent to Sue (NOI) as required by South Carolina malpractice Law. Fata also

submitted his medical records and email communications with health services staff. Fata asserted the BOP's

failure to test and treat Fata's Covid reinfection amid new Covid outbreak in prison." The SF-95 form

asserted that on August 20, 2024, six inmates at FCI Williamsburg were diagnosed with Covid-19. The

form further asserted that the response by staff was insufficient, including sick inmates being permitted to

walk around the housing unit instead of being confined to their cells, and inmates not being provided face

masks. The form also asserted Plaintiff subsequently contracted Covid-19, was not tested for Covid, and

therefore was never treated for Covid-19. As a result, Plaintiff suffered prolonged recovery from Covid

1

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

bronchitis as he did not recover in a timely manner. Pursuant to 28 USCS 2675(a), the agency determined that an answer to Fata's claim will be mailed on or before April 14, 2025.

Plaintiff has supplemented his SF-95 and notified the agency that on October 9, 2024, he was prematurely offered the Covid vaccine (Novavax), less than 90 days from 8-23-2024 when he first contracted Covid (though he was untested) and claimed that had he been inoculated, he would have been subjected to serious complications as stated in the affidavit of Dr. Charles Howard, MD, MMM, as medical expert.

This Court has granted leave to refile Plaintiff's Covid-19 medical malpractice claim following exhaustion of the administrative remedies (Fata v. United States, Case No. 2:24-cv-03830-MGL-MGB, ECF No. 42). On April 8, 2025, the agency denied Fata's administrative claim (TRT-SER-2025-00332) (Doc. 1). Under 28 U.S.C.S. 2675(a), Plaintiff has exhausted his administrative remedies per statute.

3 - The District of South Carolina is an appropriate venue under 28 USC 1391 (b)(2) and (e) because a a substantial part of the events or omissions giving rise to the claims occurred within this district.

4 - The United States is the proper defendant in this action pursuant to 28 U.S.C. 1346(b)(1), 2671-80.

II - PARTIES:

5 - Plaintiff Fata, is a federal prisoner housed at FCI Williamsburg, South Carolina, provides the Memorandum Brief with factual allegations. Plaintiff was at all times relevant to this action.

6 - The United States of America is the appropriate party, with certain exceptions, for injuries caused by the negligent or wrongful act or omission of any federal employee acting within the scope of his or her employment, in accordance with the law of the state of South Carolina where the act or omission occurred.

III - STANDARD OF LAW: LEGAL FRAMEWORK

7 - Plaintiff will submit evidence that Defendants committed medical malpractice as defined under South Carolina Law where the alleged tort took place. Unus v. Kane, 565 F.3d 103, 117 (4th Cir. 2009). In South Carolina a negligence claim is actionable where there is a legal duty and a violation of that duty, which causes injury. Vinson v. Hartley, 324 S.C. 389, 477 S.E. 2d 715, 720 (S.C. Ct. App. 1996). Proximate cause sufficient to establish medical malpractice has two components: causation in fact and foreseeability. Bramlette v. Charter-Medical-Columbia, 302 S.C. 68, 393 S.E.2d 914, 916 (S.C. 1990). The South Carolina Supreme Court has explained the elements of medical malpractice claims as follows:

" A physician commits malpractice by not exercising that degree of skill and learning that is ordinarily possessed and exercised by members of the profession in good standing acting in the same or similar

2

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

circumstances. Durham v. Vinson, 360 S.C. 639, 650-51, 602 S.E. 2d 760, 766 (2004). Additionally, medical malpractice lawsuits have specific requirements that must be satisfied in order for genuine factual issue to exist. Specifically, a plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accelerated practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances, and (2) that the defendants departed from the recognized and generally accepted standards. Pederson v. Gould, 288 S.C. 141, 143-44, 341 S.E. 2d 633, 634 (1986); Cox v. Lund, 286 S.C. 410, 414, 344 S.E. 2d 116, 118 (1985). Also, the plaintiff must show that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages. Green Lilliewood, 272 S.C. 186, 193, 249 S.E. 2d 910, 913 (1978). The plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge. Pederson, 288 S.C. at 143, 341 S.E. 2d at 634. David v. McLeod Regional Medical Center, 626 S.E. 2d 1, 3-4 (S.C. 2006); see also, e.g. Todd v. United States, 570 F.Supp. 670, 677 (D.S.C. 1983)(holding burden of proof is on plaintiff to show, in part, "[w]hat the recognized and generally accepted standards, practices and procedures are in the community which would be exercised by competent physicians in the same specialty under similar circumstances.").

8 - Plaintiff has complied with the Notice Of Intent (NOI) and expert affidavit requirements found in S.C. Code Ann. 15-79-125. Fata is filing the affidavit of Dr. Charles Howard, MD, MMM, as medical expert who has reviewed Fata's medical records and email communications with medical staff at FCI Williamsburg, and opined to the standard of care and generally and accepted practices that would be followed by average, competent practitioners under the same or similar circumstances seen in Fata's case. Dr. Howard opined on the breach of the BOP's duty owed to Fata to provide the standard of care as shown in his affidavit, for the BOP departed from the recognized accepted standards. Delany v. United States, 260 F. Supp. 3d 505 (D.S.C. May 24, 2017). In particular, Dr. Howard opined that the BOP's medical care "falls below the standard of medical practices/care for Fata's medical conditions which proximately caused him further infectious harm. See Dawkins v. Union Hosp. Dist. S.C. 171, 758 S.E. 2d 501, 504 (S.C. 2014)("medical professionals must be at all times exercise ordinary and reasonable care to insure that no unnecessary harm [befalls] the patient".).

9- Dr. Howard is the Former Medical Director, Miami Federal Detention Center, Prison Medical Consultant. Dr. Howard has testified in several Federal Courts as an expert witness in Correctional Health Care. Cases have been for defendants as well as for the U.S. Government on separate occasions. For Dr. Howard's affidavit

3

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

------------------------------------------------------------------------------------------------

is sufficient to satisfy the threshold requirement of Section 15-36-100 of the South Carolina Code, and fits

within the ambit of Section 15-36-100 (A)(3).

TRULINCS  48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: FTCA-COVID CLAIM-PART II
DATE: 04/15/2025 05:28:49 PM

CASE No.

### III- FACTUAL ALLEGATIONS

### FATA'S MEDICAL CONDITIONS (DOC. 2)

10 - Fata contracted Covid-19 in prison and tested positive on December 18, 2020. Fata was sick with deep cough, headaches and muscle pain.

11 - On March 27, 2021, Fata was diagnosed with long Covid.

12- On April 27, 2021, Fata developed left arm staph skin infection treated with antibiotics.

13 - On July 9, 2021, Fata developed yeast or fungal skin infection.

14 - On October 8, 2021, Fata developed prostatitis.

15 - On December 17, 2021, Fata developed recurrent prostatitis-UTI.

16 - On February 24, 2022, Fata's hematuria warranted the urology consultation to be rewritten as "URGENT" as specified by the bureau provider on February 24,2022.

17 - On April 26, 2022, Fata developed Staph Blepharitis treated with antibiotics.

18 - On June 8, 2022, Fata had a "sick call" as to his urological symptoms and excruciating pelvic pain. Fata was diagnosed with recurrent prostatitis and Providencia UTI. Fata was found with persistent neutropenia and Immunoglobulin M deficiency. On October 18, 2022, the BOP hematologist diagnosed Fata chronic cyclic neutropenia and recommended Neupogen injections during the infectious episodes.

19 -  On November 14, 2022, Fata developed the inevitable recurrent Urinary Tract Infection (UTI), he was prescribed antibiotics only, absent NEUPOGEN treatment. Fata also developed recurrent Staph Blepharitis requiring antibiotic treatment on that date.

20 - On September 28, 2023, Fata developed his ninth neutropenic recurrent infection manifested by his recurrent chronic prostatitis plus hematuria, absent NEUPOGEN therapy. And on May 29, 2024, Fata was diagnosed with recurrent Staph Blepharitis treated with antibiotics.

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

-----------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: FTCA-COVID CLAIM-PART III
DATE: 04/15/2025 05:31:52 PM

CASE No.

21 - On August 20, 2024, FCI Williamsburg has newly diagnosed at least 6 inmates with Covid-19. The facility failed to implement the standard CDC Covid precautions . On that date, Mr. Derrick Blash in Fata's housing unit, cell 111, was allowed to walk around the general inmate population without face masks which exposed Fata being an at-risk vulnerable host (chronically immunocompromised with chronic cyclic neutropenia plus Immunoglobulin M deficiency) to Covid-19.

22 - Fata's housing unit was not provided with face masks as outlined in Fata's requests to health services on August 21, 2024: Fata's emails to health services and to his warden were not answered and fell on deaf ears. On August 21, 2024, other inmates with compromised immune system in Fata's housing unit emailed health services pleading for face masks for the Covid-19 protection. On August 22, 2024, health services replied: "If you have any questions, please seek out mainline representatives". At no time whatsoever, was this inmate told to come to health services to receive face masks nor whether health services would pass masks in the housing unit.

23 - On August 22, 2024, the inevitable occurred: Fata became sick with sore throat, cough, runny nose, muscle aches, headaches, and weakness with chills. Fata was asked to report to sick call.

24 - On August 23, 2024, Fata reported to sick call with worsening of the above symptoms. He was not tested for Covid-19 and the medical provider refused to test for Covid and told him he has to go to the hospital in order to receive Covid testing which is simply untrue. Fata has verified with Mrs. Mims, RN who assured Fata that Covid testing kitts were available at FCI Williamsburg health services. The BOP provider opted to treat symptoms only and allow the infection take its course despite the presence of Covid in his housing unit and his risk factors to Covid, and his Covid symptoms, but Fata was deprived from receiving the standard Paxlovid treatment that is life-saving had he tested positive for Covid. As a result, Fata suffered prolonged recovery from the virus with persistent symptoms that required Broncho-dilator inhaler treatment added on 9-5-2024 . The provider released Fata to the general prisoner population without Covid testing which is "cruel" as it could spread the virus and cause further exposure to vulnerable prisoners.

25 - Fata was denied the standard CDC Covid precautions (face masks) and Covid testing and treatment in

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

--------------------------------------------------------------------------------

spite of the presence of Covid in his housing unit and his risk factors to develop complications

(hospitalization) from Covid, and his Covid symptoms. Such Covid testing and treatment is widely available

in the community as Dr. Howard noted in his affidavit: (DOC. 3)

> " Mr. Fata did not have recurrent infections prior to incarceration but began having issues
> after contracting Covid while incarcerated. Although he most likely would have had Covid had
> he not been incarcerated, he would have been able to obtain appropriate and timely care in
> the community".

26 - Fata has asked Mrs. Allen (Acting Health Services Administrator) to explain her department's

partiality to test six inmates for Covid but deny Fata for Covid testing factoring for the same symptoms

and risk factors: Fata's email to the AHSA is alarming as to Mrs. Allen's statement of her department's

numerous malpractice lawsuits in the district of South Carolina filed over the past 5 years, she answered:

"I don't care".

27 - As a result of the BOP's false diagnosis and treatment of Fata's respiratory infection, Fata suffered

prolonged viral bronchitis with worsening symptoms lasting more than 4 weeks that failed bronchodilator

breathing treatment initiated on 9-5-2024, more consistent with Covid bronchitis than common cold.

On 9-5-2024, Mrs. Harrell, PA, told Fata that based on Dr. Hoey's, CD, instructions, FCI Williamsburg is

no longer testing for Covid as of 8-21-2024, and on 9-19-2024, she and Dr. Dominici conceded to treat

Fata's persistent respiratory symptoms with steroids for "untested Covid pharyngitis-bronchitis". Fata

was also diagnosed with right ear infection (otitis externa) treated with antibiotic ear drops that was

missed on 9-5-2024.

28 - On October 9, 2024, Plaintiff was prematurely offered the Covid vaccine (Novavax), less than 90 days

from 8-23-2024 when he first contracted Covid though he was untested for Covid, and claimed that had be

been inoculated, he would have been subjected to serious complications as stated in the affidavit of Dr.

Charles Howard, MD, MMM, as medical expert.

IV- MEDICAL EXPERT AFFIDAVIT : (DOC. 3)

29 - Fata is filing the affidavit of Dr. Charles Howard, MD, MMM, former Medical Director at Miami Federal

Detention Center Prison Medical Consultant, who has reviewed Fata's medical records and opined to the

standard of care and its breach in Fata's medical care.

Dr. Howard has testified in several Federal Courts as an expert witness in Correctional Health Care. Cases

have been for defendants as well as for the U.S. Government on separate occasions. In light of Fata's

immunocompromised status, the question becomes not "IF" but "WHEN" would the next infection relapse.

7-

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

----------------------------------------------------------------------------------------------

Here, the BOP owes Fata a legal duty under 18 U.S.C. 4042(a)(2) to provide him the standard treatment that is widely available in the community to a lay person.

30 - To end, Fata is filing his affidavit addressing the substandard medical care he received in the BOP and the breach of recognized standard medical care available in the community (DOC. 4) with proximate causation.

31 - WHEREFORE, Plaintiff demands judgment against the Defendant UNITED STATES, and requests the following relief:

(a) Bench trial with medical expert testimony

(b) Non-economic actual and compensatory damages ($350,000.00) that may be awarded under South Carolina law, 15-32-220, plus such other relief this Court deems appropriate

32 - Signed under penalty of perjury. 28 U.S.C 1746

Respectfully Submitted,

Farid Fata  *Farid Fata*    *April 15, 2025*
#48860-039
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

TRULINCS 48860039 - FATA, FARID - Unit: WIL-A-B

----------------------------------------------------------------------------------------------------

FROM: 48860039
TO:
SUBJECT: CERTIFICATE OF SERVICE
DATE: 04/15/2025 05:32:20 PM

CASE No.

## CERTIFICATE OF SERVICE

Plaintiff certifies that a copy of the following instrument has been forwarded to the

below individual, via U.S. mail, delivered to the institution mailroom.

Respectfully Submitted _____*15 th*_____ day of ___*April*___ 2025.

SERVED *Christie V. Newman, AUSA*    ISI ___*Farid Fata*___

9