**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| FARID FATA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:25-3341-MGL |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION TO DISMISS**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,**

Plaintiff Farid Fata, proceeding pro se, filed this suit against Defendant United States of America under the Federal Tort Claims Act. He challenges the Federal Bureau of Prisons's policies and procedures concerning outbreaks of Covid-19 in the prison where he was housed.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the government's motion to dismiss (or in the alternative, motion for summary judgment) be granted and Fata's motion for summary judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 16, 2026, and objections were due on June 30, 2026. To date, both Fata and the government have failed to file objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Here, Fata failed to object to the Report, so de novo review is unnecessary. Reviewing the Report and record in this case, the Court is unable to conclude there is a clear error which would require the Court to reject the Report.

In addition, the Magistrate Judge expressly warned Fata he was required to provide specific, written objections and failure to do so would "result in waiver of the right to appeal from a judgment of the District Court" based on the Report. Report at 21. Thus, his failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985) ("[A] *pro se* litigant must receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right of appeal.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the government's motion to dismiss be **GRANTED** and Fata's motion for summary judgment be **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of August, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Fata is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.